1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANDRE RAMON CRAVER,                        No.  2:20-cv-02327 DB P

12                 Plaintiff,

13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    C. FLOYD,

15                 Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.  Presently before the court is plaintiff's motion to appoint counsel (ECF No. 11)

19   and his motion for judicial intervention (ECF No. 12).  For the reasons set forth below, the

20   motion to appoint counsel will be denied and it will be recommended that the motion for judicial

21   intervention be denied.

22                              **MOTION TO APPOINT COUNSEL**

23          In a motion filed July 29, 2021, plaintiff requests that the court appoint him counsel to

24   assist with the present case.  (ECF No. 11.)  Plaintiff makes this request because he is undergoing

25   the process of receiving a stem cell transplant.  (Id. at 2.)  This transplant is a treatment for

26   plaintiff's diagnosed "Multiple Myeloma Cancer."  (Id.)  Plaintiff states in a declaration attached

27   to his motion that, on June 9, 2021, he was transferred to begin treatment.  (Id. at 8.)  The

28   treatment is scheduled to last one month and then he will have a minimum of three months of

                                              1

1    recovery time.  (Id.)  Plaintiff could also face a longer hospitalization period if complications

2    arise.  (Id.)  During the period of his treatment and recovery, plaintiff says he will not have access

3    to the prison law library or his personal property.  (Id.)

4          The United States Supreme Court has ruled that district courts lack authority to require

5    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

6    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

7    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

8    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

9    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of

10   success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

11   complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

12   Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to

13   most prisoners, such as lack of legal education and limited law library access, do not establish

14   exceptional circumstances that would warrant a request for voluntary assistance of counsel.

15         In the present case, the court does not find such exceptional circumstances exist.  Based

16   on what is stated in his motion, plaintiff may be unable to properly prosecute his case for a period

17   while he received treatment.  However, the situation described by the plaintiff is one of limited

18   duration.  There is nothing in plaintiff's motion to suggest that he will be unable to proceed pro se

19   after this delay.  Thus, an extension of time or a stay of the current action is more appropriately

20   suited to plaintiff's situation.  Additionally, plaintiff does not appear unable to articulate his

21   claims nor do the legal issues seem highly complex.  Accordingly, plaintiff's motion for

22   appointment of counsel (ECF No. 11) will be denied.

23         The court recently stayed this action for purposes of participation in the Post-Screening

24   Alternative Dispute Resolution Project.  (ECF No. 14.)  Plaintiff may request an extension of this

25   stay or an extension of time if plaintiff feels he is still unable to prosecute his case adequately due

26   to his treatment or any complications it might cause.

27   ////

28   ////

2

**MOTION FOR JUDICIAL INTERVENTION**

Plaintiff seeks preliminary injunctive relief from the court in the form of an order directing "the Warden of R.J. Donavan [sic]" to return the plaintiff's "personal property." (ECF No. 12 at 3.) Plaintiff states that he was transferred to R.J. Donovan Correctional Facility (RJD) on July 31, 2021. (Id. at 2.) After being transferred, plaintiff was told by "Officer Wright" that he would not receive his property for thirty days. (Id.) Plaintiff was scheduled to be admitted to the hospital on August 10, 2021. (Id. at 3.)

### A.    Legal Standards

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court

1   finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."

2   18 U.S.C. § 3626(a)(2).  It is typically only appropriate to grant preliminary injunctive relief

3   where the relief sought is "of the same character as that which may be granted finally" in the

4   lawsuit.  De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945).

5          Preliminary injunctive relief against individuals not parties to an action is strongly

6   disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is

7   elementary that one is not bound by a judgment . . . resulting from litigation in which he is not

8   designated as a party . . . .").  In certain exceptional situations, the court may consider injunctive

9   relief in order to permit the case to proceed.  The All Writs Act, 28 U.S.C. § 1651(a) permits the

10  court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the

11  usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and

12  preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir.

13  1979).  The United States Supreme Court has authorized the use of the All Writs Act in

14  appropriate circumstances against persons or entities not a party to the underlying litigation.

15  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

16         B.      Analysis

17         Plaintiff has not shown that he is likely to suffer irreparable harm in the absence of the

18  court granting preliminary injunctive relief.  Plaintiff's main concern appears to be that he may

19  face a delay in access to his personal property due to his transfer. (ECF No. 12 at 3.)  However,

20  plaintiff has not alleged how this could cause him harm, let alone harm that is likely and

21  irreparable.  Winter, 555 U.S. at 20.

22         The relief requested by the plaintiff is also not related to his underlying claim in this

23  action.  The complaint states Eighth Amendment claims of deliberate indifference to medical

24  needs and inadequate food. (ECF No. 1; see ECF No. 5.)  The preliminary injunctive relief

25  request appears to only concern plaintiff's access to his property and the relief plaintiff seeks is

26  the return of that property. (ECF No. 12.)  The claims raised in plaintiff's complaint do not

27  appear to have any clear connection to the relief plaintiff seeks in his present motion.  As the

28  injunctive relief sought by the plaintiff is not based on claims asserted in the complaint, the court

4

does not have authority to grant the requested injunctive relief.  <u>Pacific Radiation Oncology, LLC v. Queen's Medical Center</u>, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction.").

Moreover, the use of an injunction against a non-party, such as the Warden of RJD, is heavily disfavored.  <u>Zenith Radio Corp.</u>, 395 U.S. at 110.  The All Writs Act permits the court to use injunctive relief against persons who are not parties to the action when it is necessary for the court to exercise or preserve its jurisdiction.  <u>Plum Creek Lumber Co.</u>, 608 F.2d at 1289. However, plaintiff does not request that preliminary relief against a non-party in order for the court to be able to exercise or preserve its jurisdiction.  Thus, the use of an injunction against the Warden of RJD is heavily disfavored and would also not be in keeping with the purposes of the All Writs Act.

Given the above, it will be recommended that plaintiff's motion for judicial intervention be denied.

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to appoint counsel (ECF No. 11) is denied; and

2.  The Clerk of the Court is directed to randomly assign this matter to a District Judge.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for judicial intervention (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 9, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/crav2327.31+preinj

6