UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER, | No. 2:20-cv-02327 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| C. FLOYD, | |
| Defendant. | |

Plaintiff is a state inmate proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant violated his Eighth Amendment rights. Presently before the court is plaintiff's motion to compel. (ECF No. 23.) For the reasons set forth below, the court will grant in part and deny in part plaintiff's motion to compel.

**MOTION TO COMPEL**

**I.    Background**

This action proceeds on plaintiff's complaint against California Department of Corrections and Rehabilitation ("CDCR") Dietician, C. Floyd. (ECF No. 1.) Following screening of the complaint, the court issued a Discovery and Scheduling Order ("DSO") on December 7, 2021. (ECF No. 21.) This order provided that parties could conduct discovery until April 15, 2022. (Id. at 6.) The order specified that "all requests for discovery pursuant to Federal

////

Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to that date." (Id.)

Plaintiff filed the instant motion to compel on April 15, 2022. (ECF No. 23.) Defendant Craver has filed an opposition (ECF No. 24) and plaintiff has filed a reply to defendant's opposition (ECF No. 25).

## II.   Plaintiff's Motion

Plaintiff seeks an order compelling defendant to produce all documents requested in plaintiff's Request for Production of Documents, Set Three. (ECF No. 23 at 7.) Plaintiff states that he "filled out the proof of service, signed and dated the form" on February 8, 2022. (Id. at 5.) Plaintiff claims that he then sealed the envelope containing the document in front of a correctional officer before handing it to the officer to be signed and mailed by the officer. (Id.) The Richard J. Donovan Correctional Facility ("RJD") mailroom returned the envelope containing the discovery request to plaintiff on February 23, 2022, with a notice stating that an officer's signature and badge number must be on the envelope for it to be sent. (Id.) Plaintiff had the envelope signed by an officer and resent on the same day. (Id.)

Defense counsel responded via letter informing plaintiff that defendant was under no obligation to respond to the discovery request as it had been sent after the deadline for discovery requests. (Id. at 6.) On April 11, 2022, plaintiff and defense counsel met and conferred regarding the requested documents but they were unable to reach a resolution. (Id. at 7.)

Plaintiff seeks production of all documents requested in this discovery request. (Id. at 6.) He has attached a copy of the discovery request as an exhibit to the motion. (Id. at 11-19.)

## III.   Defendant's Opposition

In the opposition, defendant argues that plaintiff's discovery request was untimely pursuant to the court's December 7, 2021, DSO and therefore defendant was not obligated to respond to plaintiff's request. (ECF No. 24 at 1.) In particular, "[d]efendant disputes the date that [plaintiff] handed his mail to the officer." (Id. at 6.) In a declaration attached to the opposition, counsel for defendant states they received plaintiff's request on March 1, 2022, noted that "2/23/22" was written on the envelope, and believed the request was untimely. (ECF No. 24-

2

1 at 2.) Counsel further states that after speaking with plaintiff about his issues sending mail, they contacted RJD mailroom Officer Services Supervisor P. Garcia regarding whether plaintiff had originally sent his request on February 8, 2021. (Id. at 4.) Garcia informed counsel that "the mailroom does not log mail that is missing the officer signature" and that mailroom policy is to return mail without an officer signature within twenty-four hours. (Id.)

Defendant argues that the request was untimely as it was sent on February 23, 2022, and plaintiff "failed to demonstrate that late service of the discovery requests at issue was the fault of prison officials at RJD." (ECF No. 24 at 6.) In particular, defendant believes plaintiff should have "name[d] the officer to whom he allegedly handed his mail on February 8, 2022." (Id.) Defendant also argues that, even if the court determines it is defendant's burden to prove plaintiff sent his request after the deadline, the presence of RJD mailroom's policy for the return of unsigned mail meets this burden. (Id.) Defendant states this policy makes it "highly unlikely that Craver handed his mail to the officer on February 8, 2022…." (Id.) On these grounds, defendant requests that the court deny plaintiff's motion to compel. (Id. at 7.)

### IV.   Plaintiff's Reply

Plaintiff's reply raises largely the same points as the initial motion. Plaintiff states in the reply that during the parties' meet and confer, plaintiff requested that defendant also obtain the "officer sign in log of 2/8/2022" so that plaintiff could identify which officer he handed the envelope containing the discovery request. (ECF No. 25 at 3.) Otherwise, plaintiff's reply does not present any additional factual information or legal argument.

### V.   Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

3

In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

### VI.  Analysis

Under the DSO issued by the court, the deadline for parties to send discovery requests was February 14, 2022. (ECF No. 21 at 6.) Both parties acknowledge that the prison mailbox rule applies and that plaintiff's discovery request is deemed served when he delivers it to prison officials. Houston v. Lack, 487 U.S. 266, 276 (1988); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). The disagreement centers on whether plaintiff sent his request prior to the deadline for such requests as he claims he did. (ECF No. 24 at 6; ECF No. 25 at 3.) In the reply, defendant notes that it is unclear whether plaintiff or defendant has the burden of proof where there is a conflict over when a prisoner delivered a document to a prison official. (ECF No. 24 at 6.)

However, the court need not determine where the burden lies in the present case. Based on the motion, opposition, and reply, it appears clear that plaintiff's motion should be granted whether plaintiff or defendant bears the burden of proof. As defendant brings separate arguments depending on who bears the burden of proof, these will be addressed separately.

////

////

4

### A. Plaintiff's Burden of Proof

Defendant argues that if plaintiff bears the burden of proof to show he delivered the discovery request to an officer on February 8, 2022, he has failed to meet this burden. In his motion, plaintiff claims that he handed the discovery request to an officer on February 8, 2022, prior to the discovery deadline. (ECF No. 23 at 5.) The signed discovery request and proof of service—signed by plaintiff under penalty of perjury—support plaintiff's claim as they are both dated February 8, 2022. (ECF No. 23 at 16-17.) This seems sufficient in favor of plaintiff's claim that he sent the discovery request on this date.

It is unclear what additional evidence plaintiff could produce that would be substantially more persuasive. Under the facts provided by the defendant, the prison does not log when they return mail to a plaintiff. (ECF No. 24 at 4.) Thus, there exists no official documentation that plaintiff could obtain that shows when he initially handed over his discovery request to be mailed. Defendant suggests that plaintiff should have been able to name the officer to whom he handed the envelope. (Id. at 6.) This is not a persuasive argument. Even if plaintiff were able to provide the name of the officer, it would not significantly increase the credibility of plaintiff's claim that he sent the request on February 8, 2022.

Plaintiff has asserted that he sent the discovery request on this date and provided some documentary evidence to support this. Thus, if plaintiff bears the burden of proof, he has met that burden.

### B. Defendant Burden of Proof

Defendant also argues that even if the burden of proof is on the defendant, that burden has been satisfied as "the procedures of RJD's mail delivery system demonstrate that it is highly unlikely that Craver handed his mail to the officer on February 8, 2022." (Id.) Though RJD mailroom policy may be to return mail not signed by an officer within twenty-four hours, the presence of this policy does not mean that it is always followed. If defendant bears the burden of proof, it is not satisfied simply because plaintiff's claim that he sent the discovery request on February 8, 2022, would mean RJD mailroom policy and procedures were violated.

////

**C. Plaintiff's Discovery Request is Timely**

Given the above, plaintiff claims that he originally handed his discovery request to an officer on February 8, 2022 and has provided evidence to support this.  Defendant has not provided sufficient evidence to show plaintiff filed the discovery request after the discovery request deadline.  Under the prisoner mailbox rule, plaintiff served his discovery request when he delivered it to a prison official to be mailed on February 8, 2022.  Houston, 487 U.S. at 276; Douglas, 567 F.3d at 1107.  Thus, plaintiff's discovery request was timely as it was served prior to the discovery deadline established in the DSO.

Plaintiff's motion to compel will be granted in part. However, as defendant objected to the timeliness of the request, they have not had the opportunity to provide responses to plaintiff's requests.  As such, the court will deny plaintiff's request for full production of the requested documents at this time.  Instead, the court will set a deadline for defendant to provide responses or objections to the requests in plaintiff's Request for Production of Documents, Set Three.  Fed. R. Civ. P. 34(b)(2).  A date will also be set for any further discovery disputes that may arise related to plaintiff's request and the deadline for pretrial motions will be extended.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 23) is granted in part and denied in part.
2. Defendant is ordered to provide responses to plaintiff's Request for Production of Documents, Set Three by June 13, 2022.
3. The deadline for discovery is extended until July 13, 2022, solely for the purpose of discovery related to plaintiff's Request for Production of Documents, Set Three.  Any motions necessary to compel discovery related to this request for production shall be filed by this date.

////

////

////

4. All other pretrial motions, including dispositive motions, shall be filed on or before October 6, 2022.

Dated:  May 11, 2022

_/s/ Deborah Barnes_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/crav2327.mtc