UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER, | No. 2:20-cv-02327 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| C. FLOYD, | |
| Defendant. | |

Plaintiff is a state inmate proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant violated his Eighth Amendment rights. Presently before the court is plaintiff's second motion to compel discovery. (ECF No. 27.) For the reasons set forth below, the court will deny plaintiff's motion.

**MOTION TO COMPEL**

**I.    Background**

This action proceeds on plaintiff's original complaint against California Department of Corrections and Rehabilitation ("CDCR") Dietician, C. Floyd. (ECF No. 1.) Following the screening of this complaint and defendant filing an answer, the court issued a Discovery and Scheduling Order ("DSO") on December 7, 2021. (ECF No. 21.) This order provided that parties could conduct discovery until April 15, 2022. (Id. at 6.) The order specified that "all

////

1  requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be
2  served not later than sixty days prior to that date."  (Id.)
3        Plaintiff filed a previous motion to compel on April 15, 2022.  (ECF No. 23.)  The court
4  granted in part and denied in part that motion finding that plaintiff had timely filed a request for
5  production of documents.  (ECF No. 26 at 6-7.)  The court ordered defendant to provide
6  objections or responses to plaintiff's request and extended the discovery deadline solely for this
7  purpose.  (Id.)
8        Plaintiff filed the instant motion to compel on June 24, 2022.  (ECF No. 27.)  Defendant
9  Craver filed a response (ECF No. 30) and plaintiff filed a reply to defendant's response (ECF No.
10 31).

## II.    Plaintiff's Motion

Plaintiff seeks an order compelling defendant to produce the documents requested in plaintiff's Request for Production of Documents, Set Three.  (ECF No. 27 at 2.)  In this discovery request, plaintiff sought nutritional facts for eleven food items and "documents pertaining to VS Vomiting Assessment Refusal Forms, and GI Vomiting Assessment Refusal Forms."  (Id. at 2, 7.)  Defendant objected to the food information requests on the grounds that they were "compound burdensome, and harassing, and not proportional to the needs of the case" as well as because they were vague and ambiguous.  (Id. at 3, 11-15.)  Defendant also provided a response stating that beyond the objections, they were unable to comply with the request as "this information is unavailable" and that complying with the request would require a speculative response.  (Id.)  Plaintiff raised similar objections to the VS and GI Vomiting Assessment Refusal Forms and also stated that "defendant is not in possession of such documents."  (Id. at 15-16.)

Plaintiff contends that his requests should be granted and discovery should be compelled as the requested documents are material "in order for [plaintiff] to survive summary judgment."  (Id. at 5.)  Specific to the nutritional information, plaintiff argues that discovery is not burdensome, confusing, or prejudicial as defendant provided numerous pages of nutritional fact documents in response to plaintiff's prior discovery request.  (Id. at 5-6.)  Plaintiff also notes that this information is important for determining plaintiff's caloric intake.  (Id. at 7.)  Finally,

2

1   plaintiff argues that if the documents are not in defendant's possession "[i]t's easy for defendant
2   to call the company the food is ordered from [and] get the information on nutrition facts" to be
3   provided to plaintiff in discovery.  (Id.)

4       As to the VS and GI vomiting assessment refusal forms, plaintiff believes that defendant
5   claims plaintiff refused a vomiting assessment test.  (Id. at 8.) He contends that the two vomiting
6   assessment refusal forms should exist as "refusal of medical treatment of any kind automatically
7   results in a refusal of medical treatment form being filed…."  (Id.)

8       Plaintiff also mentions that he has not received a provisional transcript from his deposition
9   so that he can provide corrections though this does not appear to be a part of his discovery
10  request.  (Id. at 4.)

11  **III.  Defendant's Response**

12      In opposition, defendant first argues that plaintiff's motion should be denied as he failed
13  to comply with Federal Rule of Civil Procedure 37 requiring that a party seeking to compel
14  discovery certify that they conferred or attempted to confer with the opposing party.  (ECF No. 30
15  at 2.)  Defendant also argues that she has "met her discover obligations" as defense counsel
16  communicated "at length with officials at California Correctional Health Care Services (CCHCS)
17  and Mule Creek State Prison's (MCSP) chief nurse" but "were unable to locate nutritional
18  information for specific food items provided to Plaintiff in 2020…."  (Id.)  Defendant notes that
19  she produced "documents and information supporting current nutritional information for some of
20  the food items" in plaintiff's request but was unable to find responsive documents for some items.
21  (Id. at 2-3.)

22      Related to the vomiting refusal forms, defendant argues that she produced "voluminous
23  documents in response to request numbers 12 and 13" but was unable to provide any vomiting
24  assessment refusal forms as defendant "did not offer these assessments to Plaintiff."  (Id. at 3)
25  (emphasis omitted).  Defendant also claims that on July 28, 2022 she produced "734 pages of
26  documents involving Plaintiff's numerous refusals of examination and/or treatment while housed
27  at MCSP CTC" in a good-faith effort to resolve the discovery dispute.  (Id.)
28  ////

Finally, defendant asserts that they should not be required to provide plaintiff with a free copy of the deposition transcript as this is not contemplated by the Federal Rules of Civil Procedure of the in forma pauperis statute. (Id. at 3-4.)

### IV.     Plaintiff's Reply

Plaintiff's reply largely addresses arguments that were raised in the initial motion. Plaintiff clarifies that he was not requesting a free copy of the deposition transcript. (ECF No. 31 at 2.) Instead, plaintiff sought the transcript so that he could provide corrections. (Id.) Plaintiff also agrees with defendant that the two requested vomiting assessment refusal forms do not exist because defendant did not offer plaintiff a vomiting assessment. (Id. at 4.)

### V.      Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

**VI.    Analysis**

**A. Meet and Confer Requirement**

At the outset of her response, defendant requests that the court deny plaintiff's motion as plaintiff "failed to comply with Rule 37 of the Federal Rules of Civil Procedure." (ECF No. 30 at 2.) Defendant claims that plaintiff did not comply with Rule 37 as omitted "a certification that he has, in good faith, conferred or attempted to confer with defense counsel" and did not confer with defense counsel prior to filing the present motion. (Id.)

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that parties meet and confer prior to filing a motion to compel discovery. In this district, this rule is applied through Local Rule 251. The discovery and scheduling order issued by this court on December 7, 2021 states that "unless otherwise ordered, Local Rule 251 shall not apply" to the discovery proceedings in the present action. (ECF No. 21 at 5.) The court did not order parties to confer prior to filing a motion to compel.

While it is preferable that parties resolve discovery disputes without the court's involvement, the meet and confer requirement incorporated into Local Rule 251 does not apply to this action per the court's December 7, 2021 order. See Lear v. Sahota, 2:18-cv-3099 MCE DB P, 2020 WL 7406508, at *15 (E.D. Cal. Dec. 17, 2020). Requiring parties to meet and confer would also be unproductive given that defendant represents that she does not have in their control any of the documents requested in the motion to compel. (See ECF No. 30 at 2.) Thus, the undersigned declines to deny plaintiff's motion to compel based on plaintiff's failure to meet and confer with defendant before filing this motion.

**B. Nutritional Information (Request Nos. 1-11)**

In Plaintiff's Request for Production of Documents, Set Three, Request Nos. 1-11 request the production of "all documents relating to the nutrition facts and calorie count[s]" of eleven different food items. (See ECF No. 27 at 11-15.) As defendant's responses to these requests are identical and the parties have addressed them as a group of requests, these eleven requests will be discussed together.

5

In Plaintiff's Request for Production of Documents, Set Three, Request Nos. 1-11 follow the same form: "Produce all documents relating to the nutritional facts and calorie count of [food item]." (Id.)

In response to each request, defendant provided the same objection and response:

> Defendant objects to this request on the grounds that it is compound, burdensome, and harassing, and is not proportional to the needs of the case. Defendant also objects on the grounds that it is vague and ambiguous as to the phrase, "[food item]." Defendant also objects on the grounds that it is vague as to the time for which the information is sought
> Subject to and without waiving the above objections, Defendant responds as follows: Defendant is unable to comply with this request, as this information is unavailable. Any attempt to comply with this request would require Defendant to manufacture a speculative response, which is burdensome, confusing, and prejudicial.

(Id.)

Broadly, plaintiff's requests appear relevant to his claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, plaintiff's requests are overly vague. As indicated by the plaintiff in his reply, plaintiff sought nutritional information for particular meals that he was served during a specific period. (ECF No. 31 at 3.) By contrast, as stated, plaintiff's requests simply state the name of a food item (e.g. "roast beef 2.oz.") without any additional specificity as to when that item was served or other identifying information which could help identify responsive documents. To this end, the court will sustain defendant's objections to Request Nos. 1-11 on the grounds that these requests are vague and do not describe the requested documents in sufficient particularity.

Beyond the objection, defendant also responds that the documents plaintiff is requesting are unavailable to the defendant. (ECF No. 27 at 1-11.) Defendant's response to the motion to compel explains that defendant communicated with CDCR officials to find any relevant nutritional documentation in response to plaintiff's prior request and that defendant produced these documents. (ECF No. 30 at 2-3.) Attached to defendant's response is a declaration from defense counsel which similarly states that "staff at CCHCS were unable to locate nutritional

6

1   information for specific food items provided to Plaintiff in 2020" but defendant provided all
2   available current nutritional information for comparable food items.  (ECF No. 30-1 at 3.)

3         The undersigned cannot order defendant to produce documents that are not in her
4   possession, custody, or control.  Fed. R. Civ. P. 34(a)(1); see, e.g., Witkins v. Wise, 2:19-cv-0974
5   KJM KJN P, 2021 WL 2662182, at *3 (E.D. Cal. June 29, 2021).  Defendant has stated that she
6   produced all documents with "information that could potentially satisfy Plaintiff's requests" (ECF
7   No. 30 at 2.) and provided a declaration in support of that claim (ECF No. 30-1).  By these
8   statements, defendant has represented that she possesses no documents responsive to these
9   requests.   Plaintiff has not demonstrated that such documents are in the possession, custody, or
10  control of defendant.  Fed. R. Civ. P. 34(a)(1).  He also does not present a sufficient legal or
11  factual basis for the court to issue an order directing defendant to obtain these records from a third
12  party.  As such, plaintiff fails to meet the requirements to compel production of these documents
13  from defendant.  Id.

14        Based on the above, the motion to compel discovery will be denied as it relates to Request
15  Nos. 1-11.

16        **C.  VS and GI Vomiting Assessment Forms (Request Nos. 12-13)**

17        Defendant states in her response that the Vomiting Assessment Refusal Forms requested
18  by plaintiff were not produced as they did not exist.  (ECF No. 30 at 3.)  Defendant claims that
19  she did not offer a vomiting assessment to the plaintiff and thus no refusal forms were generated.
20  (Id.)  In his reply plaintiff appears to agree with this statement and be satisfied with this response
21  for discovery purposes.  (ECF No. 31 at 4) ("This is true. C. Floyd did not offer these vomiting
22  assessments to plaintiff.")  As both parties agree that the VS and GI vomiting assessment forms
23  do not exist, these requests and the related portions of the motion to compel appear moot.

24        To the extent plaintiff still wishes to compel discovery, the court cannot order the
25  production of documents not in defendant's possession, custody, or control.  Fed. R. Civ. P.
26  34(a)(1). Defendant has represented that she does not possess documents responsive to plaintiff's
27  request (ECF No. 30 at 3) and presented a declaration in support of that (ECF No. 30-1 at 3).
28  Defendant has not demonstrated that defendant has possession, custody, or control of these

documents. Fed. R. Civ. P. 34(a)(1). As such, even if plaintiff still seeks to compel production of these documents, this portion of plaintiff's motion would be denied.

Accordingly, the motion to compel production of documents responsive to Request Nos. 12-13 will be denied. As all of the requests for which plaintiff sought to compel discovery will be denied, the undersigned will deny plaintiff's motion to compel production of documents (ECF No. 27).

### D. Deposition Transcript

From plaintiff's motion and his reply to defendant's response, it does not appear that plaintiff intended to request a free transcript of the deposition proceedings. Plaintiff does raise concerns over the fact that, as a deponent, he did not have the opportunity to review and provide corrections to the provisional deposition transcript under Federal Rule of Civil Procedure 30(e). (See ECF No. 31 at 2-3.) However, it does not appear plaintiff has brought a related motion or requested any action from the court. As such, there is nothing presently before the undersigned as to the deposition transcript.

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to compel production of documents (ECF No. 27) is denied.

Dated: October 20, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/crav2327.mtc(2)